STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. LEON K. ALLEN, DEFENDANT-APPELLANT.

Argued February 4, 1969—Decided June 30, 1969.

*Mr. Kenneth S. Javerbaum,* Assistant Deputy Public Defender, argued the cause for appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Mr. William J. Brennan, III,* Assistant Attorney General, argued the cause for respondent (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney).

PER CURIAM. This appeal was argued with *State v. Lavelle,* 54 *N. J.* 315 (1969) decided today.

On October 27, 1965 Allen pleaded guilty to larceny from the person in violation of *N. J. S.* 2A:119-1. He was sentenced to State Prison for not less than six years nor more than seven years *and* fined $2,000. Subsequently three other indictments arising out of the same criminal incident were dismissed. No appeal was taken from this judgment. Later, post-conviction relief was sought on the ground that the $2,000 fine violated the due process and equal protection clauses of the Fourteenth Amendment. The sentencing court denied the application, whereupon an appeal was taken to the Appellate Division. While the brief was being prepared, the Public Defender learned that on March 22, *1968* the State Parole Board had acted favorably on Allen's application for parole. It granted him parole effective March 4, *1969,* but since the $2,000 fine was outstanding the following condition was attached to his release:

"After paying $500 of your fine in the amount of $2000 or working $500 off in the institution at the rate of $5 [a day], you will be released to make weekly payments in the amount of $10 to the Passaic County Probation Officer until the balance of the fine is paid in full. Such payments are to begin three weeks after date of parole."

An attack on the portion of the order requiring the payment of $500 or the service of 100 days further commitment after March 4, 1969 was joined with the pending appeal from the original sentence. Allen argued as did Lavelle (*State v. Lavelle, supra*) that since he was an indigent, the mandate to pay the $500 before release trespassed on his constitutional rights of due process and equal protection.

The Appellate Division unanimously agreed that the sentence was not excessive. Both the imprisonment term and fine

were within the limits authorized by the larceny from the person statute, *N. J. S.* 2*A*:119–1, and no circumstances appeared indicating that the trial court had abused its discretion in imposing them. The Appellate Division obviously felt also that the constitutional issue raised because of Allen's alleged indigency became relevant only when he reached parole eligibility.

However, the judges of the Division divided on the constitutional issue. *State v. Allen,* 104 *N. J. Super.* 187 (*App. Div.* 1969). The majority noted principally that even if Allen as an indigent had to serve the additional 100 days to satisfy the Parole Board order, his total period of confinement would be well within the maximum of the trial court's sentence. Under all the circumstances it found no abuse of discretion or violation of defendant's fundamental rights in requiring the $500 payment or service of an additional 100 days as a prerequisite to street parole. The dissenting judge regarded the imposition of an additional period of incarceration on an indigent *solely* because he was an indigent as a denial of due process and equal protection. It was his opinion (in view of the Attorney General's expressed doubts of Allen's indigency) that a hearing should be had on that subject shortly before the effective date of parole to ascertain Allen's financial capacity to make the $500 part payment.

Subsequent events have made it unnecessary to consider the constitutional issue. The record of the Parole Board reveals incontrovertibly that on March 3, 1969 Allen made the $500 payment. Accordingly he was paroled to pay the balance at the rate of $10 a week, which he is presently engaged in doing regularly.

Another fact which was not known to the Appellate Division when its decision was handed down, and which apparently escaped the attention of counsel, should be mentioned. After Allen became eligible for parole he had two hearings before the Board. The record indicates that upon being advised of his parole eligibility his attention was called to the outstanding fine. He informed the Board that he

could and would pay $500 of it. The Board being satisfied from his previous employment record and his willingness to make the $500 payment that he would make a good faith effort to work and to pay the $1,500 balance, granted street parole as of March 4, 1969, subject to the stipulated conditions. It is apparent, therefore, that the $500 payment referred to in the order appearing in the appendix was not *imposed* but *agreed* upon by the prisoner.

The Public Defender argues that the different treatment accorded Allen and Lavelle of itself shows the arbitrary nature of the Board's order. On the contrary the distinctive results were produced by application of the Board's discretion to the diverse facts of the two cases. The Board felt that Lavelle's employment record and performance while on county court probation made him a poor risk for street parole and installment payment of his fine. On the other hand Allen's last employment before his conviction was for the Interchemical Corporation, in Hawthorne, N. J. and his rate of pay was $3 per hour. Nothing appears to indicate that his work record was not good. Moreover, it may be noted that Allen is a bachelor and thus not burdened with family obligations. Under the circumstances the different treatment given to the two men is adequately supported by the facts and cannot be regarded in either instance as discriminatory or arbitrary.

Affirmed.

PROCTOR, J. (dissenting). I see no reason why we should decide this case, since on the facts as stated by the majority the case is clearly moot. On the record presented to the Appellate Division, I would dissent essentially for the reasons stated in the dissenting opinion of Judge Conford, 104 *N. J. Super.* 187, 197 (*App. Div.* 1969), and for the reasons set forth in my dissent in *State v. Lavelle,* decided today, 54 *N. J.* 315 (1969).

JACOBS, and SCHETTINO, JJ., join in this dissent.

*For affirmance*—Chief Justice WEINTRAUB and Justices FRANCIS, HALL and HANEMAN—4.

*For reversal*—Justices JACOBS, PROCTOR and SCHETTINO—3.